**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FARARHD GUNTER,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY CROTHERS, *et al*<br>*Administrator of N.J.S.P.*<br><br>Respondents. | Civil Action No. 25-12900 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

    Petitioner Fararhd Gunter is a state prisoner currently incarcerated at New Jersey State Prison, Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (§ 2254). (ECF No. 1 ("Petition").)

    In accordance with Rule 4 of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined that dismissal without a response and production of the record is not warranted.

    **IT IS**, therefore, on this 7th day of August 2025, **ORDERED** as follows:

    **ORDERED** that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Memorandum and Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

**ORDERED**, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of entry of this Memorandum and Order; and it is further

**ORDERED** that, if the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Memorandum and Order is entered, Respondents may file a Motion to Dismiss the Petition on timeliness grounds only, provided that the Motion: (1) attaches exhibits that evince all relevant state court filing dates, including, if any, the relevant filing dates of any petitions for post-conviction relief, and any related appeals; (2) contains legal argument discussing pertinent timeliness law, including statutory and/or equitable tolling to the extent relevant and/or Petitioner raises it in the Petition; and (3) demonstrates that an Answer to the merits of the Petition is unnecessary; and it is further

**ORDERED** that, if a Motion to Dismiss on timeliness grounds is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may challenge the asserted bases for untimeliness and/or argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

**ORDERED** that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete Answer to all claims; and it is further

**ORDERED** that, if Respondents do not file a Motion to Dismiss the Petition, they shall file a full and complete Answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Memorandum and Order; and it is further

**ORDERED** that, the Answer shall include a section called "Noncognizable Grounds For Relief" and shall identify all noncognizable grounds for relief alleged in the Petition and/or

Memorandum of Law in Support of the Petition (i.e. grounds for relief that rely solely on state law grounds); and it is further

**ORDERED** that, the Answer shall include a section called "Nonexhausted Claims" and shall identify all claims that were not fully exhausted in the State courts; Respondents should address why any unexhausted claim should be dismissed on the merits and include any documents necessary to determine this issue; and it is further

**ORDERED** that, the Answer shall include a section called "Procedurally Defaulted Claims," which shall: (1) identify all claims that were procedurally barred in the State Courts; (2) identify the State Court Opinion that addressed each procedurally barred claim and/or identify the State Court rule/law that precludes Petitioner from returning to the State Courts to exhaust the claim(s); (3) if alleged in the Petition, address any grounds for cause and prejudice or miscarriage of justice asserted to excuse procedural default; and it is further

**ORDERED** that Respondents' Answer shall respond, on the merits, to each exhausted ground for relief alleged in the Petition and/or Memorandum of Law in Support of the Petition on the merits, and shall identify the highest reasoned State Court Opinion addressing each claim; the Answer must also identify the relevant clearly established federal law as determined by the United States Supreme Court governing each claim, or lack thereof; failure to comply with this directive may result in an Order for a Supplemental Answer; and it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of their Answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal

3

authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' Answer or at the earliest practicable time thereafter may be deemed waived; and it is further

**ORDERED** that Respondents' Answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the Answer shall contain an index of exhibits, electronically filed as a separate document on CM/ECF, describing each document from the relevant state court proceedings that is filed with the Answer, and identifying any relevant state court documents that are missing; and it is further

**ORDERED** that Respondents shall electronically file, and serve on Petitioner, the Answer, the exhibits, and the list of exhibits; and it is further

**ORDERED** that descriptions for the index exhibits such as "Exhibit 1" or "Exhibit A" are not sufficient; rather, all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that within forty-five (45) days after Respondents file the Answer, Petitioner shall either (1) file and serve a Reply to the Answer, see Habeas Rule 5(e), or (2) inform the court that he or she does not intend to reply; it is further

**ORDERED** that, if Petitioner's Reply to the Answer raises any new claims, Respondents shall identify those claims in a Sur-reply, and Respondents shall either address the new claims on the merits or file an objection to amendment of the Petition; and it is further

4

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release, transfer, or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.

*Georgette Castner*
_____
GEORGETTE CASTNER
United States District Judge